991 F.2d 810
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Betty A. HICKMAN, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 93-3035.
 United States Court of Appeals, Federal Circuit.
 March 12, 1993.
 
 Before PAULINE NEWMAN, ARCHER and MAYER, Circuit Judges.
 DECISION
 ARCHER, Circuit Judge.
 
 
 1
 Betty A. Hickman petitions for review of the June 18, 1992 initial decision of the Administrative Judge (AJ), Docket No. PH0752920261-I-1, which became final when the full Merit Systems Protection Board denied review on October 30, 1992. The AJ sustained the United States Postal Service's removal of Mrs. Hickman. We affirm.
 
 DISCUSSION
 
 2
 Mrs. Hickman was removed from her position as Supervisor of Mails due to her conduct while serving on the Stamp Destruction Committee (SDC), which is responsible for destroying obsolete postal stock. An investigation of the Postal Inspection Service disclosed that Mrs. Hickman falsified Postal Service Forms 3238 "Stamp Destruction Certificates" when she certified that she counted the postal items listed on those forms and that she personally observed the destruction of those items. The investigation further disclosed that Mrs. Hickman had received stamps that she knew constituted postal stock that should have been destroyed by the SDC. Mrs. Hickman received a notice of proposed removal from her immediate supervisor based on charges that she (1) falsely certified the destruction of postal stock; and (2) improperly received, possessed and destroyed postal stock. These charges were sustained and removal was found to be warranted by the Director of City Operations. Mrs. Hickman appealed her removal to the MSPB and, following a hearing, the AJ sustained the charges and upheld the removal as a reasonable penalty.
 
 
 3
 The AJ held that Mrs. Hickman was collaterally estopped from contesting that she falsified the stamp destruction certificates because she was found guilty of this offense by a jury in a criminal proceeding, Graybill v. United States Postal Service, 782 F.2d 1567 (Fed.Cir.1986), and that the agency proved Mrs. Hickman's improper receipt, possession and destruction of stamps. After noting that the board has previously upheld removal as a "reasonable penalty for falsification," see Kumferman v. Department of the Navy, 785 F.2d 286 (Fed.Cir.1986), that Mrs. Hickman "received the same penalty as that given other members of the committee," and that "a substantial response to the conduct ... was warranted," the AJ determined that the agency's action was reasonable and sustained Mrs. Hickman's removal. This appeal followed.
 
 
 4
 We must affirm the decision of the Merit Systems Protection Board because Mrs. Hickman has not demonstrated that it was (1) arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law, (2) obtained without proper procedure, or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988); Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed.Cir.1986).
 
 
 5
 On appeal, Mrs. Hickman attempts to present a case of entrapment because she alleges that postal investigators were aware of wrongdoing by other members of the SDC prior to her joining the SDC and that she "was only following [the] instructions [of the] Postal Inspector." These belated arguments, even if proved, are not mitigating factors which would affect our review of the AJ's finding of falsification of records based on the criminal conviction.
 
 
 6
 Mrs. Hickman also raises for the first time on appeal the Postal Service's refusal to allow her to take advantage of an early retirement incentive package received by her under letter dated August 7, 1992. Mrs. Hickman's removal from the agency was effective June 28, 1991; therefore this retirement option was never available to her. The letter was not connected with the adverse action that she appealed. See 5 U.S.C. § 7512.
 
 
 7
 All other issues and arguments raised on appeal by Mrs. Hickman were thoroughly considered and correctly decided by the AJ.